UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YONG DE HUANG, individually and on behalf of All Other Employees Similarly Situated,<br><br>Plaintiff,<br><br>- against -<br><br>ZENG RESTAURANT LLC d/b/a KABUKI JAPANESE RESTAURANT, Zhao Zeng a/k/a Zhao Qing Zeng,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff Yong De Huang ("Plaintiff") on behalf of himself and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants Zeng Restaurant LLC d/b/a Kabuki Japanese Restaurant, and Zhao Zeng a/k/a Zhao Qing Zeng, (collectively "Defendants"), allege and show the Court the following:

**INTRODUCTION**

1. This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101 *et seq.*, and has failed to comply with the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.8, *et seq.*, and violated Pennsylvania common law.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and PMWA by engaging in a pattern and practice

of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to PMWA 43 P.S. §§ 333.101 *et seq.* and Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*, that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages; (3) prejudgment interest; and (4) attorney's fees and costs.

5. Plaintiff further alleges pursuant to the Pennsylvania Human Relations Act, 43 P.S. §§951 *et seq.* ("PHRA") that he is entitled to recover from the Defendants: (1) an award of monetary damages and other relief, including attorneys' fees and expenses with interest; and (2) liquidated damages.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Middle District Court of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8. Plaintiff is an individual currently residing in Queens, New York.

9. Plaintiff was born in 1959 and is currently 59 years old.

10. From on or around October 29, 2017 to on or around November 4, 2018, Plaintiff was employed as a teriyaki chef at Defendants' restaurant located at 1574 Main Street, Peckville, PA 18452.

## DEFENDANTS

*Corporate Defendant*

11. Upon information and belief, Defendant Zeng Restaurant LLC d/b/a Kabuki Japanese Restaurant ("Corporate Defendant or Defendant Corporation") is a domestic business corporation organized under the laws of the State of Philadelphia with a principal business address at 1574 Main Street, Peckville, PA 18452.

12. Defendants own and operate a restaurant in this District under the name Kabuki Japanese Restaurant, located at 1574 Main Street, Peckville, PA 18452.

13. Upon information and belief, Corporate Defendant has about ten (10) employees.

14. Upon information and belief, Corporate Defendant at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

15. Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce. For instance, Corporate Defendant has employees who handled and worked on goods moving in commerce such as food supplies.

16. At all times relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Owner/ Operator Defendants*

17.     Upon information and belief, Defendant Zhao Zeng a/k/a Zhao Qing Zeng ("Defendant Zeng") is the owner, chief executive officer, and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; PMWA, 43 P.S. §333.103, and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

18.     Upon information and belief, Defendant Zeng owns the stock of Defendant Corporation and manages and makes all business decisions regarding Defendant Corporation.

19.     Upon information and belief, Defendant Zeng determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

20.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number

may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

22.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

23.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

24.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

25.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds

generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

26. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

27. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

28. Defendants committed the following alleged acts knowingly, intentionally and willfully.

29. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

30. Defendants knew that unlawful age discrimination against Plaintiff would violate state laws.

31. From on or about October 29, 2017 to on or around November 4, 2018, Plaintiff was employed as a teriyaki chef at Defendants' restaurant located at 1574 Main Street, Peckville, PA 18452.

32. Upon information and belief, Defendant Zeng, known as "Boss" to Plaintiff, is the owner/shareholder of Defendant Corporation and maintains active operational control over Defendant Corporation, including but not limited to hiring and firing employees, supervising and controlling the employees, setting their work schedule, determining their rates of compensation and methods of payment, handling payrolls, and maintaining employee records.

33. Defendant Zeng hired Plaintiff as a teriyaki chef for Defendant Corporation.

34. Defendant Zeng controlled and determined the work schedule of Plaintiff.

35. Defendant Zeng determined the rates of compensation of Plaintiff and methods of payment.

36. Throughout his employment with Defendants, Plaintiff took two (2) days off every other week, i.e., Plaintiff would work all seven (7) days for one week and work five (5) days for the following week. Therefore, Plaintiff worked on average six (6) days per week.

37. Generally, from Mondays through Fridays, Plaintiff worked from 10:00 am to 10:00 pm, with a scheduled break between 3:00 pm to 4:15 pm (approximately 10.75 hours per day). Nevertheless, Plaintiff was often called to work if customers' orders came in during the scheduled break. On Saturdays and Sundays, Plaintiff would work without a break from 11:30 am to 10:00 pm (approximately 10.5 hours per day). As a result, Plaintiff worked at least 74.75 hours per week for weeks that he worked 7 days, and 53.75 per week for weeks he worked 5 days.

38. Throughout his employment with Defendants, Plaintiff was paid at a fixed weekly rate of $800.00 regardless the number of hours he actually worked each day.

39. Throughout his employment with Defendants, Plaintiff was paid by bi-weekly by cash and check, with the allocation of about $578.45 in check and the rest amount in cash.

40. Throughout his employment with Defendants, Plaintiff was not required to punch time cards or otherwise track his work hours.

41. Throughout his employment with Defendants, Plaintiff was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

42. Throughout his employment with Defendants, Plaintiff was not overtime-exempt under federal and state laws.

43.     Plaintiff was born in July 1959 and is currently 59 years old. As such, Plaintiff is a member of a protected class under the Pennsylvania Human Relations Act, being at least 40 years of age at all times while employed with Defendants.

44.     While Plaintiff was working for Defendant Corporation, other employees of Defendants are younger than Plaintiff.

45.     Throughout his employment with Defendants, Plaintiff was in good health condition and was able to perform job duties the same as other younger employees of Defendants.

46.     Throughout his employment with Defendants, Plaintiff was subjected to unlawful discrimination through insults and other malicious activity conducted by Defendant Zeng, because of Plaintiff's age. Examples of Defendant Zeng's discriminatory conducts included but not limited to:

   a. In assigning lodging to all Defendants' employees, only Plaintiff was assigned to live in a damp, dark basement, full of mold with broken bed, while other younger employees were assigned to rooms on 1st, 2nd, and 3rd floors with much better condition. Plaintiff knew that there were empty rooms on 1st, 2nd or 3rd floors so

required to change his room, but Defendant Zeng declined Plaintiff's request without a reason;

b. Whenever Defendant Zeng was unsatisfied with some work done by other employees, Defendant Zeng would first blame Plaintiff even if he had no reasons to believe that those work were done by Plaintiff;

c. While Plaintiff was performing his job duties, Defendant Zeng often insulted Plaintiff by saying that "talking to you is just like preaching to deaf ears. You are too old to remember any instructions," despite the fact that Plaintiff never forgot Defendant's work assignments or instructions, and that Plaintiff's job duties were completed as well as other younger employees;

d. Though there is another teriyaki chef presumably should have shared work equally with Plaintiff, Defendant Zeng assigned the majority of workload to Plaintiff, while the other teriyaki chef barely had any work to do. Plaintiff repeatedly complained to Defendant Zeng about such unfair treatment, but Defendant Zeng refused to make any changes about that.

47. Through the malicious activity by Defendant Zeng described herein, a hostile work environment existed at Plaintiff's place of employment, the severity and pervasiveness of which altered the conditions of Plaintiff's employment.

48. Due to the hostile work environment existed at Plaintiff's place of work, Plaintiff resigned on or around November 4, 2018.

## STATEMENT OF CLAIMS

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

51. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

52. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

53.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

54.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

55.     Defendants willfully failed to notify Plaintiff and the Collective Action Members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and Collective Action Members' labor.

56.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II**
**[Violation of Pennsylvania Minimum Wage Act—Overtime Pay**
**Brought on behalf of Plaintiff]**

57.     Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

58.     The PMWA requires that covered employees be compensated for every hour worked in a workweek. 43 P.S. § 333.104 (a).

59.     The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. 43 P.S. § 333.104(c).

60. Plaintiff is a covered employee entitled to the PMWA's protections.

61. Plaintiff is not exempt from receiving PMWA overtime benefits.

62. Defendants are employers required to comply with the PMWA's mandates.

63. Defendants violated the PMWA by failing to pay Plaintiff proper compensation for all hours worked and for time spent working in excess of 40 hours during the workweek.

64. In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT VIII

### [Age Discrimination under the Pennsylvania Human Relations Act]

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Section 955(a) of the PHRA provides that it shall be an unlawful discriminatory practice:

> For an employer because of […] age […] of an individual […] to discharge from employment such individual […] or to otherwise discriminate against such individual […] with respect to compensation, hire, tenure, terms, conditions, or privileges of employment […].

67. Defendants are employer as defined by the Pennsylvania Human Relations Act.

68. Plaintiff is a member of protected class under the Pennsylvania Human Relations Act, being at least 40 years of age at all times while employed with Defendants.

69. By Defendant Zeng's insults and other malicious activity described herein, a hostile work environment existed at Plaintiff's place of employment, the severity and pervasiveness of which altered the terms and conditions of Plaintiff's employment there.

70.     Defendants had knowledge of, or reason to know of, the hostile and discriminatory work environment that existed at Plaintiff's place of employment, and fostered and allowed this environment to exist. Therefore, Defendants have violated the PHRA.

71.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages and other relief, including attorneys' fees and expenses with interest.

72.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to stress, anxiety, emotional pain and suffering, and humiliation, for which he is entitled to an award of compensatory and monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves, and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a)  Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) Award Plaintiff unpaid overtime due under the FLSA and the PMWA;

g) Award Plaintiff liquidated damages in accordance with FLSA and PMWA;

h) An award of monetary damages and other relief, including attorney's fees and expenses with interest, and liquidated damages pursuant to Pennsylvania Human Relations Act;

i) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and PMWA;

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees; and

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
December 28, 2018

Respectfully Submitted,

HANG & ASSOCIATES, PLLC

By: /s/ *Jian Hang*
 Jian Hang, Esq. (ID # 319709)
 136-20 38th Ave. Suite 10G
 Flushing, NY 11354
 Tel: (718) 353-8588
 Fax: (718) 353-6288
 Email: jhang@hanglaw.com
 *Attorneys for Plaintiff and Proposed FLSA*
 *Collective*

# EXHIBIT A

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by ZENG RESTAURANT LLC d/b/a KABUKI JAPANESE HOUSE OF STEAKS & SUSHI, and Zhaoqing Zeng, and/or related entities and individuals.

I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Yon J de Huay_
Full Legal Name (Print)

_Yon J de Huay_
Signature

_11-13-2018_
Date